UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-198-H

TERRY SADLER, Ancillary Administratrix
of the Estate of Adam Ennis, Deceased                    PLAINTIFF

V.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                         DEFENDANT

**MEMORANDUM OPINION**

This declaratory judgment action concerns a commercial general liability policy ("CGL") which State Farm Mutual Fire and Casualty Company ("State Farm") issued to Richard Benningfield ("the insured"). For the reasons explained in this memorandum, the Court concludes that State Farm is not liable under this CGL policy for any damages assessed against its insured for the injuries arising out of the use of his automobile and trailer in a fatal traffic accident on November 29, 2004.

I.

On November 29, 2004, the insured, the owner and operator of Benningfield Remodeling, was traveling north on the Greenbelt Highway in Jefferson County, Kentucky. He was driving a 1999 Ford F-250 pickup truck and pulling an eighteen-foot trailer behind him. Although the parties have not formally stipulated to the fact, both parties seem to agree that the trip was job-related. At approximately 5:54 p.m., the trailer detached from the truck. It crossed a concrete median, spun into the opposing lane of traffic and struck Adam Ennis' vehicle. Adam

Ennis was pronounced dead at the scene.

At the time of the accident, the insured had two separate insurance policies. One was an automobile policy with Kentucky National Insurance Company. The other was a general business liability contractor's policy issued by State Farm. The maximum coverage of the policy was $300,000.

The State Farm policy provided coverage to the insured for bodily injury or property damage caused by occurrences arising out of the conduct of his business. The policy contained an auto exclusion clause negating coverage for "bodily injury or property damage arising out of the ownership, maintenance, use or entrustment to others of any aircraft, auto or watercraft owned or operated by or rented or loaned to any insured." The policy also defined "auto" as a "land motor vehicle, trailer or semi-trailer designed for travel on public roads, including any attached machinery or equipment."

Plaintiff, Ancillary Administratrix of the Estate of Adam Ennis, has filed suit against the insured for the wrongful death of Ennis in a Kentucky state court. The principal allegation in that suit is that the insured negligently secured the trailer to his vehicle. After discovering that State Farm's policy covered the insured at the time of the accident, Plaintiff filed suit against State Farm. Plaintiff is seeking a declaration of rights to affirm that State Farm is required to indemnify the insured for any liability he incurs under the terms of the policy. State Farm has moved for summary judgment.

II.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, "summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(c). The interpretation and construction of insurance contract provisions are questions of law for the court, unless disputed facts are involved. *See Ayers v. C & D General Contractors*, 237 F. Supp. 2d 764, 768 (W.D. Ky. 2002).

Under Kentucky law, an auto exclusion clause in a CGL policy is valid and enforceable. *See Hartford Ins. Cos. v. Kentucky Sch. Bds. Ins. Trust*, 17 S.W.3d 525, 530 (Ky. Ct. App. 1999) (holding that the school district's general liability policy did not cover fatal injuries suffered by a school child when she was struck by a coal truck after exiting a school bus because the policy contained an exclusion clause for injuries arising out of the use of an auto). The only question then is whether this particular auto exclusion clause applies to the facts alleged in this case.

In Kentucky, where the terms of an insurance policy are clear and unambiguous, the policy will be enforced as written. *Kemper Nat. Ins. Companies v. Heaven Hill Distilleries, Inc.*, 82 S.W.3d 869, 873 (Ky. 2002) (citation omitted). In this case, the plain language of the policy, read as a whole, unambiguously excludes coverage for any injury arising out of the use of a trailer, including the use of the trailer owned and operated by the insured in this case.

Plaintiff contends that the exclusionary clause is ambiguous because it stretches the term "auto" beyond its ordinary meaning. An "auto," according to Plaintiff, is "a four-wheeled, self-propelled vehicle for transporting people." (Plaintiff's Response to Defendant's Motion for Summary Judgment, 5-6). But the question is not how Plaintiff or society at large defines the term "auto." The question is how State Farm defined the term in its policy and whether its definition is clear and unambiguous. Here, State Farm and the insured have defined "auto" as a "land motor vehicle, trailer or semi-trailer designed for travel on public roads, including any attached machinery or equipment." The mere fact that the definition is broad does not make it

3

ambiguous. Under the plain terms of the policy, an accident arising out of the use of any type of trailer would be barred from coverage–whether it be a horse-trailer, a tractor trailer or an eighteen-foot trailer such as the insured's. This definition represents the contracting parties' mutual understanding and is the one this Court should enforce. *See Kemper*, 82 S.W.3d at 873.[1]

Such an interpretation is consistent with the apparent purpose of the CGL coverage generally and the public policy of Kentucky more particularly. The CGL policy generally covers liability for damage caused during the conduct of the insured's business. This particular insured was engaged in the business of contracting and remodeling work. It appears that in drafting this policy State Farm contemplated the risks incident to the contracting business: the risk that a homeowner would be physically injured on a construction site, for example, or that equipment unique to contractors would be destroyed. In doing so, State Farm appears to have taken pains to exclude from its coverage all damages arising from the use and operation of automobiles and trailers.

To be sure, a general contractor, like the insured, regularly transports machinery and heavy equipment as part of his business. However, the operation and use of automobiles involves special and peculiar risks unrelated to remodeling work generally. See Ky. Rev. Stat. § 304.39-010 (2004) ("The toll of about 20,000,000 motor vehicle accidents nationally and comparable experience in Kentucky upon the interests of victims, the public, policyholders and others require that improvements in the reparations provided for herein be adopted....").

---

[1] It should also be noted that under Kentucky law "motor vehicle," a term closely related to "auto," has been interpreted to include "trailer" within its definition. *See Goodin v. Overnight Transp. Co.*, 701 S.W.2d 131 (Ky. 1985) (the term "use of a motor vehicle" as defined in KRS 304.39-020(6) includes within its definition the unloading of a trailer of a hitched but parked semi-truck). This suggests that the Kentucky courts would likely interpret the term "auto" as included in the policy in question to include trailers as well.

4

Accordingly, automobile policies and general liability policies are typically complementary rather than overlapping. *Stevens v. Fireman's Fund Ins. Co.* 375 F.3d 464, 467 (6th Cir. 2004) (applying Florida law). The same appears to be true here. As a consequence, the insured purchased a separate $30,000 policy with another insurance company covering injuries arising out of his work-related automobile use.

Based on the foregoing analysis, the Court finds that the terms of the insured's GCL policy do not require State Farm to indemnify the insured for any related to the accident which occurred on November 29, 2004. Because the injuries arose out of the ownership, use or maintenance of the insured's trailer[2], there is no view of Kentucky law under which the insured's general liability policy can reasonably be thought to cover the damages in this case. The auto exclusion clause precludes such coverage.

The Court will enter an order consistent with this Memorandum Opinion.

cc:     Counsel of Record

---

[2] The parties do not appear to dispute that the accident arose out of the use of the insured's trailer. Such a conclusion is consistent with Kentucky law. The Kentucky courts have held that an injury arises out of the use of a motor vehicle for the purposes of Kentucky's no-fault provision codified in KRS 304.39-020(6) when the injury is reasonably identifiable with the normal use or maintenance of a vehicle and it is reasonably foreseeable. *Hartford Ins. Cos. v. Kentucky Sch. Bds. Ins. Trust*, 17 S.W.3d 525, 527 (Ky. Ct. App. 1999). In this case, the principal allegation is that the insured negligently attached his trailer to his truck, resulting in a fatal crash. Such an accident is reasonably identifiable with the normal use of a trailer and it is reasonably foreseeable.